## Ciccone v. Palmyra School District.

*School law—Conveyance of children to school—Act of May 18, 1911.*

1. A child belongs in the district where his father resides and pays taxes.

2. Where children belong in one district, but have been sent to a school in an adjoining district, and such school is closed, but no school has been closed in the district in which they belong, section 1406 of the Act of May 18, 1911, P. L. 309, does not apply, but section 1404 does apply, under which it is discretionary with the directors of the district of the children's residence to grant them free transportation to school.

Application for an alternative mandamus to compel the Directors of Palmyra Township to convey six of plaintiff's children to one of the public schools in said township. C. P. Wayne Co., Jan. T., 1923, No. 19.

*Chester A. Garrett*, for plaintiff; *M. E. Simons*, for defendants.

SEARLE, P. J., March 5, 1923.—The case has been heard upon petition and answer, no replication having been filed to the answer, and from the pleadings we find that the plaintiff is the father of six children, that he resides in Palmyra Township, near to Paupack Township, and has been sending his children to the Paupack Township School, Palmyra Township School District having been paying Paupack Township School District their tuition, as provided by section 1404 of the School Code of 1911.

During the school year of 1921-22, the average daily attendance of the school in Paupack Township which these children were attending fell below ten, and the school was closed, as provided by the Act of July 22, 1919, § 1, P. L. 1117.

Plaintiff claims that this school being closed, and his children living more than one and a-half miles from a school, they are entitled to transportation, to be paid for by the Palmyra District, as provided by section 1406 of the School Code.

We cannot maintain this contention. No school in Palmyra Township was closed and the children of plaintiff did not belong to Paupack Township, as provided by said section 1406. A child belongs in the district where his father resides and pays taxes. In this case the father resides in Palmyra Township, upon a farm, and pays his taxes in that township.

3 D. & C.

It is to be noticed that, under section 1406, it states that when a school is closed, "the directors *shall* provide transportation." This, we think, is mandatory. Under section 1404, however, which applies to this case, it states "the board of directors *may* provide free transportation." This section 1404 leaves it discretionary with the board whether or not they will furnish transportation. See Union Township School District, 26 Dist. R. 870; Jones *v.* Boulter, 61 Pa. Superior Ct. 73; Franktown Township School Directors, 21 Dist. R. 603; Com. *v.* Ferguson Township School District, 40 Pa. C. C. Reps. 470.

We, therefore, conclude that plaintiff's children did not belong to the Paupack Township School which was closed, but did belong to Palmyra Township for school purposes; that no school having been abandoned in Palmyra Township, section 1406 of the School Code does not apply, and under section 1404 of the School Code it is discretionary with the Board of Directors of Palmyra Township to grant free transportation to these children.

This legal proposition is clear to us, and this is a case in which we cannot exercise our discretion.

Now, to wit, March 5, 1923, these proceedings are dismissed, at costs of plaintiffs.            From A. G. Rutherford, Honesdale, Pa.